

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,464-01

### EX PARTE LUIS RODOLFO LOPEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W11-60773-M(A) IN THE 194TH DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of continuous sexual abuse of a child and sentenced to forty years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Lopez v. State*, No. 05-13-01137-CR (Tex. App.—Dallas Feb. 2, 2015)(not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance by failing to advise him that if he was found guilty, any sentence would be served without the possibility of parole and by failing to request a lesser included instruction for aggravated sexual assault.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make specific findings of fact as to whether: (1) the State offered Applicant a plea bargain; (2) counsel, or anyone else, advised Applicant that if he was convicted, he would have no possibility of parole; (3) if the evidence supported an instruction on the lesser included offense of aggravated sexual assault and if so, whether counsel requested such instruction; and (4) whether this application should be barred under the doctrine of laches. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must

be requested by the trial court and shall be obtained from this Court.

Filed: February 13, 2019
Do not publish